(34 Misc. Rep. 221.)

## UNION SURETY & GUARANTY CO. v. SIRE.

(City Court of New York, General Term. February 28, 1901.)

SUPPLEMENTAL PROCEEDINGS—APPLICATION OF PAYMENTS—DISMISSAL OF PRO-
CEEDINGS.

Where defendant in supplemental proceedings moved to dismiss the
same on the ground that payments made to plaintiff had satisfied the
judgment, and plaintiff contended that it had been agreed that the pay-
ments should be otherwise applied, it was error to direct a satisfaction of
the judgment, and to dismiss the supplemental proceedings, since defend-
ant should obtain his relief in some appropriate action therefor.

Appeal from special term.

Action by the Union Surety & Guaranty Company against Leander
S. Sire. From an order directing a satisfaction of the judgment in
favor of plaintiff, and dismissing proceedings supplementary to exe-
cution, plaintiff appeals. Reversed.

Argued before FITZSIMONS, C. J., and CONLAN and O'DWYER,
JJ.

Van Schaick, Norton & Quinby, for appellant.
John J. Buckley, for respondent.

PER CURIAM. The defendant claimed that the payments made
during the pendency of the motion for a receiver in the action in the
supreme court should be applied in discharge of the claim upon which
the judgment herein was recovered, and, as very much more than
enough to satisfy the amount of that judgment, with interest and
costs, has been paid, that the same should be satisfied of record,
and the proceedings supplementary to execution had thereon dis-
missed. In opposing the motion, the attorney for plaintiff, who has
had charge of the several matters between the plaintiff and defend-
ant, states positively in his affidavit that the several payments made
by the defendant were so made upon the express agreement that the
same be first applied upon the extinguishment of claims other than
the claims involved in the sequestration suit (i. e. the claim upon
which the judgment herein was recovered was involved in the seques-
tration suit); that the moneys received have been so applied, and that
the whole of the judgment herein remains unpaid. It thus appears
that a very serious conflict exists between the parties upon the ap-
plication of the moneys paid, and the question of payment of the
judgment herein remains in doubt and uncertainty. Under like cir-
cumstances it has been decided that the party seeking the relief should
be left to his action therefor, provided relief can be had in that
form (Hill v. Hermans, 59 N. Y. 396; Van Etten v. Hasbrouck, 4
N. Y. St. Rep. 803); and, after a very careful examination of the
record on this appeal, we are of opinion that the special term should
have remitted the defendant to his action.

Order appealed from reversed, and motion denied, with $10 costs
and disbursements. Order for examination of defendant in proceed-
ings supplementary to execution reinstated, and defendant directed
to appear thereunder upon a day to be named in the order entered
thereon. Leave is granted to the defendant to apply, if so advised,

for a stay of proceedings supplementary to execution pending the determination of any action he may institute to have the judgment adjudged paid.

(34 Misc. Rep. 220.)

### LEVY v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term. February 28, 1901.)

**1. ACTION FOR NEGLIGENCE—GENERAL DENIAL.**
Where, in an action for personal injuries, the answer contains a general denial, the defenses that whatever damages were sustained by plaintiff were due to his contributory negligence, and that such injuries were sustained because of the negligence of a third person, unknown to defendant, need not be specially pleaded.

**2. DEMURRER—MOTION TO STRIKE OUT.**
Where an alleged defense contains no new matter, the remedy is by demurrer, and not by motion to strike out.

Appeal from special term.